**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| **SHIRLEY GENTEMANN and GARDNER GENTEMANN,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**NANA DEVELOPMENT CORP., an Alaska corporation; N.W. INUPIAT HOUSING AUTHORITY; and, the UNITED STATES OF AMERICA,**<br><br>**Defendants.** | **3:08-cv-00221 JWS**<br><br>**ORDER AND OPINION**<br><br>**[Re: Motion at Docket 33]** |

## I. MOTION PRESENTED

At docket 33, defendant United States of America moves to dismiss plaintiffs' claim against the United States pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. At docket 40, defendants Shirley and Gardner Gentemann ("the Gentemanns") oppose the motion. The United States replies at docket 41. Oral argument was not requested, and it would not assist the court.

## II. BACKGROUND

This case arises from the alleged dispersal of asbestos resulting from the operation of a gravel pit in Ambler, Alaska, which allegedly contributed to the Gentemanns' inability to sell their lodge in Ambler. On December 5, 2008, the Gentemanns filed an amended complaint alleging a cause of action for damages

against NANA Development Corporation ("NANA"), N.W. Inupiat Housing Authority, and Alaska Native Tribal Health Consortium ("ANTHC"), and a cause of action for injunctive relief against NANA.[1] The United States Attorney for the District of Alaska subsequently certified that ANTHC was acting within the scope of its funding agreement with the Indian Health Service at the time of the allegations in the complaint,[2] and filed a motion to substitute the United States as the defendant for the claims asserted against ANTHC under 28 U.S.C. § 2679(d).[3] By order dated April 28, 2009, the court granted the motion to substitute the United States and amend the case caption.[4]

## III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction.[5] When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the defendant's motion to dismiss.[6] "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact."[7]

The United States' motion to dismiss was filed as a speaking motion because it was accompanied by a declaration.[8] "[A] motion to dismiss for lack of subject matter jurisdiction may be made as a speaking motion without converting the motion into a

---

[1]Doc. 11.

[2]Doc. 31 at p. 2.

[3]Doc. 32.

[4]Doc. 44.

[5]*Tosco v. Comtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000) (citing 28 U.S.C. §§ 1331, 1332(a)).

[6]*Tosco*, 236 F.3d at 499.

[7]*Thornhill Publishing Co. v. General Telephone & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

[8]*Trentacosta v. Frontier Pacific Aircraft Industries*, 813 F.2d 1553, 1558 (9th Cir. 1987).

motion for summary judgment."[9] "However, when 'ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment.'"[10] "Under this standard, 'the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'"[11]

## IV. DISCUSSION

The United States moves to dismiss the Gentemanns' claim against it pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because the Gentemanns failed to file an administrative claim with the appropriate federal agency, which is "a jurisdictional prerequisite to filing a lawsuit against the United States for a tort."[12] The Gentemanns oppose the motion on the grounds that their complaint alleges a claim for injunctive relief not a tort claim, and ANTHC did not provide any evidence showing that it "was carrying out a contract with the Indian Health Service at the time of the allegations" in the complaint.[13]

Contrary to the Gentemanns' argument, the amended complaint's first cause of action alleges a claim for damages against ANTHC, not a claim for injunctive relief.[14] The amended complaint states in pertinent part:

> 23. Both defendants ANTHC and IHA as well had an obligation, both moral and legal, to examine the content of the gravel both organizations were causing to be dispersed in Ambler and if discovered after the dispersal of the gravel, had an obligation to remediate the problem.

---

[9] *Id.*

[10] *Id.* (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)).

[11] *Id.* (quoting *Augustine*, 704 F.2d at 1077).

[12] Doc. 33 at p. 1.

[13] Doc. 40 at pp. 1-2.

[14] The second cause of action alleges a claim for injunctive relief against NANA only.

> 24. Now therefore, Gentemann is entitled to damages of approximately $1,000,000.00, the specific amount of which shall be proven in trial.[15]

The first cause of action alleges a duty, a breach of duty, and resulting damages, which amounts to a tort. Moreover, under the Federal Employees Liability Reform and Tort Compensation Act ("FELRTCA"), the substitution of the United States for ANTHC left the Gentemanns with a "single avenue of recovery" against the United States, that being a claim under the Federal Tort Claims Act ("FTCA").[16]

"[FELRTCA] immunizes United States employees from liability for their 'negligent or wrongful act[s] or omission[s] . . . while acting within the scope of [their] office or employment.'"[17] United States Attorneys certify "whether a United States employee was acting within the scope of his or her employment at the time of an event giving rise to a civil claim."[18] Once certification is given, FELRTCA requires the substitution of the United States as the defendant.[19] Under the terms of FELRTCA, the substitution of the United States leaves the plaintiff with a "single avenue of recovery," namely a claim under the FTCA.[20]

The FTCA provides a cause of action against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."[21] As a prerequisite to filing a suit under the FTCA, a plaintiff must first present an administrative claim to the appropriate federal agency within two years after

---

[15]Doc. 40, exh. A at p. 6.

[16]*Id.*

[17]*Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993) (quoting 28 U.S.C. § 2679(b)(1)).

[18]*Id.* (citing 28 U.S.C. § 2679(d)(1),(2)); *Meridian International Logistics, Inc. v. United States*, 939 F.2d 740, 743 n.2 (9th Cir. 1991); *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[19]*Green*, 8 F.3d at 698.

[20]*Id.*

[21]*Valdez v. United States*, 56 F.3d 1177, 1179 n.1 (9th Cir. 1995); 28 U.S.C. § 2675(a).

the claim accrues.[22] "After six months have passed or the agency has denied the claim, the plaintiff may bring suit in federal court on the claim."[23] "A claim under the FTCA 'shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain.'"[24]

"[T]he plaintiff bears the initial burden of proving subject matter jurisdiction under the FTCA."[25] Here, the Gentemanns did not dispute that they did not file an administrative claim with the appropriate federal agency as required under the FTCA. To the contrary, the undisputed evidence confirms that no administrative tort claim was filed in relation to this action.[26] Rather, the Gentemanns contend that ANTHC failed to provide any evidence it was carrying out a contract with the Indian Health Service at the time of the complaint's allegations. The Gentemanns' argument is unavailing because the United States Attorney certified that ANTHC was acting within the scope of its funding agreement with the Indian Health Service at the time of the allegations in the complaint.[27]

Because the Gentemanns failed to file an administrative claim with the appropriate federal agency, they have failed to prove subject matter jurisdiction under the FTCA. Accordingly, the court will dismiss their claim against the United States without prejudice.

---

[22]*Rivera v. United States*, 924 F.2d 948, 950 (9th Cir. 1991); *Broudy v. United States*, 722 F.2d 566, 568 (9th Cir. 1983); *Rosales v. United States*, 824 F.2d 799, 802 (9th Cir. 1987).

[23]*Broudy*, 722 F.2d at 568.

[24]*Id.* (quoting 28 C.F.R. § 14.2(a)).

[25]*Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995).

[26]Doc. 40, exh. A at p. 2.

[27]Doc. 31 at p. 2.

## V. CONCLUSION

For the reasons set out above, defendant United States' motion to dismiss at docket 33 is **GRANTED**, and plaintiff's claim against the United States is **DISMISSED WITHOUT PREJUDICE**.

DATED at Anchorage, Alaska, this 4th day of June 2009.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE