**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | | |
|---|---|---|
| **SHIRLEY GENTEMANN and GARDNER GENTEMANN,** | ) | |
| **Plaintiffs,** | ) | **3:08-cv-00221 JWS** |
| **vs.** | ) | **ORDER AND OPINION** |
| **NANA DEVELOPMENT CORP., an Alaska corporation, and N.W. INUPIAT HOUSING AUTHORITY,** | ) | **[Re: Motion at Docket 35]** |
| **Defendants.** | ) | |

## I. MOTION PRESENTED

At docket 35, defendant N.W. Inupiat Housing Authority ("NIHA") moves to dismiss plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(1) and (b)(6) for lack of subject matter jurisdiction and for failure to state a claim, respectively. At docket 42, defendants Shirley and Gardner Gentemann ("the Gentemanns") oppose the motion. NIHA replies at docket 45. Oral argument was not requested, and it would not assist the court.

## II. BACKGROUND

This case arises from the alleged dispersal of asbestos resulting from the operation of a gravel pit in Ambler, Alaska, which allegedly contributed to the Gentemanns' inability to sell their lodge in Ambler. On December 5, 2008, the Gentemanns filed an amended complaint alleging a cause of action for damages

against NANA Development Corporation ("NANA"), NIHA, and Alaska Native Tribal Health Consortium ("ANTHC"), and a cause of action for injunctive relief against NANA.[1] The United States Attorney for the District of Alaska subsequently certified that ANTHC was acting within the scope of its funding agreement with the Indian Health Service at the time of the allegations in the complaint,[2] and filed a motion to substitute the United States as the defendant for the claims asserted against ANTHC under 28 U.S.C. § 2679(d).[3] By order dated April 28, 2009, the court granted the motion to substitute the United States.[4]

The United States then filed a motion to dismiss the Gentemanns' claim against it pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because the Gentemanns failed to file an administrative claim with the appropriate federal agency. By order dated June 4, 2009, the court granted the United States' motion, dismissing the Gentemann's claim against the United States.

## III. STANDARDS OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction.[5] When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the defendant's motion to dismiss.[6] "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in

---

[1]Doc. 11.

[2]Doc. 31 at p. 2.

[3]Doc. 32.

[4]Doc. 44.

[5]*Tosco v. Comtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000) (citing 28 U.S.C. §§ 1331, 1332(a)).

[6]*Id.* at 499.

fact."[7] Where, as here, defendant brings a facial attack on the subject matter jurisdiction of the district court, the court assumes the factual allegations in plaintiff's complaint are true and draws all reasonable inferences in plaintiff's favor.[8] The court does not, however, accept the truth of legal conclusions cast in the form of factual allegations.[9] Notice pleading rules require that a complaint set forth "only 'a short and plain statement' of the grounds for jurisdiction and the claim for relief."[10]

## IV. DISCUSSION

NIHA moves to dismiss the Gentemanns' claims against NIHA and NANA pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Because NANA has not joined NIHA's motion, the court will construe NIHA's motion to dismiss the first amended complaint as a motion to dismiss the Gentemanns' claims against NIHA.

NIHA first argues that the Gentemann's "complaint fails to state a basis for federal subject matter jurisdiction."[11] The court concurs. A district court's subject matter jurisdiction may be based on federal question or diversity jurisdiction under 28 U.S.C. §§1331 or 1332, respectively. Section 1331 confers jurisdiction on the district court "of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1332 confers jurisdiction on the district court where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between plaintiffs and defendants.[12]

---

[7]*Thornhill Publishing Co. v. General Telephone & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

[8]*Doe v. See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

[9]*Id.* (quoting *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1139 (9th Cir. 2003).

[10]*Id.* at 1074 (quoting Fed. R. Civ. P. (8)(a)(1),(2)).

[11]Doc. 36 at pp. 1-2.

[12]*In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties - each defendant must be

The Gentemanns' amended complaint does not contain any statement setting forth the grounds for federal jurisdiction. More specifically, the amended complaint fails to allege either a violation arising "under the Constitution, laws, or treaties of the United States" or diversity of citizenship of all plaintiffs and defendants which would confer subject matter jurisdiction on this court. Because the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction, the court will grant NIHA's motion to dismiss the Gentemanns' claims against NIHA for lack of subject matter jurisdiction. For the same reasons, the court *sua sponte* dismisses the Gentemanns' claims against NANA.[13] Because the court does not have subject matter jurisdiction over the Gentemanns' claims, the court need not, and indeed can not, rule on NIHA's motion to dismiss under Rule 12(b)(6) for failure to state a claim.[14]

## V. CONCLUSION

For the reasons set out above, defendant NIHA's motion to dismiss at docket 35 is **GRANTED** insofar as it seeks to dismiss plaintiffs' claims against NIHA pursuant to Federal Rule of Civil Procedure 12(b)(1). It is further ordered that plaintiffs' claims against NANA are **DISMISSED** for lack of subject matter jurisdiction, and this action is **DISMISSED**.

DATED at Anchorage, Alaska, this 9th day of June 2009.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

a citizen of a different state from each plaintiff.")

[13] *Bova v. City of Medford,* 564 F.3d 1093, 1095 (9th Cir. 2009) (stating that court have an independent obligation to determine whether subject matter jurisdiction exists, even when a party does not raise the issue).

[14] *Potter v. Hughes*, 546 F.3d 1051, 1059-1060 (9th Cir. 2008).