UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| SHIRLEY GENTEMANN and )<br>GARDNER GENTEMANN, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>NANA DEVELOPMENT )<br>CORPORATION, *et al.*, )<br>)<br>Defendants. )<br>_____) | 3:08-cv-221 JWS<br><br>ORDER AND OPINION<br><br>[Re: Dockets 53, 54, and 55] |

## I. MOTIONS PRESENTED

At docket 53, defendant NANA Development Corporation ("NANA") has applied for an award of costs by filing a Bill of Costs. At docket 54, plaintiffs Shirley and Gardner Gentemann move to strike NANA's Bill of Costs. The motion at docket 54 also asks the court to impose sanctions of $250. NANA responds at docket 70, and plaintiffs reply at docket 73.

At docket 55, NANA moves for an award of attorney's fees. Plaintiffs oppose the motion at docket 67. NANA replies at docket 71. Oral argument would not assist the court in resolving any of the pending matters.

## II. DISCUSSION

### A. Bill of Costs at Docket 53 and Motion at Docket 54

Plaintiffs' complaint pled a state law tort claim for damages and injunctive relief against three defendants. One of them, the Alaska Native Tribal Health Consortium,

was a tribal contractor working for the United States which was substituted as a defendant in place of the contractor. Because plaintiffs did not file an administrative claim as required by the Federal Tort Claims Act, their claim against the United States was dismissed without prejudice.[1] Thereafter, a second defendant, N.W. Inupiat Housing Authority ("the Housing Authority"), moved to dismiss plaintiffs' claim against it on the ground that the court lacked subject matter jurisdiction over plaintiffs' state law claim against it. Finding no subject matter jurisdiction, the court dismissed the claim against the Housing Authority without prejudice.[2] In the course of analyzing the Housing Authority's motion to dismiss, the court observed that it also lacked subject matter jurisdiction over plaintiffs' claim against NANA. Acting *sua sponte* pursuant to the federal courts' independent obligation to determine the existence of jurisdiction,[3] the court dismissed plaintiffs' claim against NANA without prejudice.[4]

After judgment was entered dismissing plaintiffs' claim against it, NANA filed a Bill of Costs[5] which is the subject of the motion at docket 54. NANA's Bill of Costs asks the court to tax costs in the amount of $496.30.

In support of their motion to strike the Bill of Costs, plaintiffs rely upon the proposition that NANA was not a prevailing party within the meaning of Federal Rule of Civil Procedure 54(d) which says: "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Plaintiffs are correct. In *Miles v. California,*[6] the Ninth Circuit explained that when a plaintiff's claim is dismissed for lack of subject matter jurisdiction, for purposes of Rule 54(d) the defendant is not a prevailing party. However, as NANA has noted, the

---

[1] Doc. 46.

[2] Doc. 48.

[3] *See Bova v. City of Medford*, 564 F.3d 1093, 1095 (9th Cir. 2009).

[4] Doc. 48 at p. 4.

[5] Doc. 53.

[6] 320 F.3d 986, 988 (9th Cir. 2003).

Ninth Circuit also explained that in such circumstances costs may be recovered pursuant to 28 U.S.C. § 1919.[7] The *Miles* court pointed to a significant difference between the rule and the statute: "Unlike Rule 54(d), § 1919 is permissive, [for it] allows the district court to award 'just costs,' and does not turn on which party is the prevailing party." [8]

To support its request for "just costs" NANA deflects plaintiffs' objection that NANA did not file a motion to dismiss as "irrelevant." NANA then offers as the only reason an award of costs would be "just" the proposition that, with the exception of a single small item, all costs which NANA seeks are of a type which would be taxable under 28 U.S.C. § 1920.[9] In support of its request to sanction NANA for seeking an award of costs, plaintiffs' assert that NANA only filed an answer and did not join in the Housing Authority's motion to dismiss.[10]

Plaintiffs have cited no authority for the imposition of sanctions in the circumstances here. Neither NANA nor plaintiffs have cited any case which discusses what is meant by the phrase "just costs" in the context of § 1919, nor has the court's research discovered any. Of course, the burden of persuasion on the request for costs rests on NANA while the burden of persuasion on the request for sanctions rests on plaintiffs. On the record presented, neither plaintiffs nor NANA have persuaded the court that relief should be awarded.

**B. Motion at Docket 55**

NANA's motion for an award of attorney's fees depends on the premise that it is a prevailing party entitled to recover fees pursuant to Rule 82 of the Alaska Rules of Civil Procedure. Plaintiffs' contention that Rule 82 may not be applied in federal court is incorrect. In cases where the controlling substantive law is Alaska law, attorney's

---

[7]320 F.3d at 988 n.2.

[8]*Id.*

[9]Doc. 70 at p. 3.

[10]Doc. 54 at p. 3.

-3-

Case 3:08-cv-00221-JWS   Document 76   Filed 08/12/09   Page 3 of 7

fees may be awarded pursuant to Rule 82.[11] However, the only action taken by the court when it dismissed this case was entirely the result of federal law, not Alaska law. The court resolved no dispute respecting state law, not even a state law standing or jurisdictional issue. In such circumstances, it would seem obvious that it would be inappropriate to award attorney's fees to NANA based on the application of the principles of state substantive law reflected in Rule 82 when the dismissal was dictated entirely by federal law without consideration of any state law issue. To hold otherwise would substitute Rule 82's variation on the "English Rule" allowing recovery of fees by the successful litigant for the "American Rule" which is generally applied to disputes decided under federal law and makes no provision for the recovery of fees. Furthermore, awarding fees based on state law when no state law issue was considered, much less decided, would promote neither any state interest, nor any federal interest.

NANA cites several federal cases for the proposition that "in proper cases in federal courts attorney's fees are available in cases dismissed without prejudice, including for lack of jurisdiction."[12] The first case cited is *ARL PAC v. Feldman.*[13] There, the claims being litigated arose under federal law, and the case has no bearing on NANA'a claim for an award of attorney's fees under Alaska law.

Next, NANA cites *Kona Enterprises, Inc. v. Estate of Bishop.*[14] In that case the Ninth Circuit approved an award of attorney's fees under Hawaii law when the case had

---

[11] *See Kona Enterprises Inc. v. Estate of Bishop,* 229 F.3d 877 (9th Cir. 2000) (recognizing general principle that federal courts hearing diversity cases will apply state substantive law regarding attorney fees); *St. Paul Fire & Marine Ins. Co. v. F.H.*, 117 F.3d 435, 439 (9th Cir. 1997) (applying Rule 82 in case governed by Alaska law) (overruled on other grounds, *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998)). *See also Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S.240, 259 n. 31 (1975).

[12] Doc. 55 at p. 3.

[13] 504 F.3d 840, 852 (9th Cir. 2007).

[14] 229 F.3d 877, 877-78 (9th Cir. 2000).

-4-

been dismissed for lack of jurisdiction, but the dismissal by the district court was based on Kona's lack of standing under Hawaii law. As the Court of Appeals explained: "In so ruling, the [district] court observed that Kona lost its shareholder status in June 1992, when the Bishop Estate foreclosed on Kona's stock pledge agreement and that therefore Kona was not a shareholder when plaintiffs filed their original complaint on November 9, 1994."[15]

The third case cited is *Anderson v. Melwani*.[16] There, the appellate court held that defendant was a prevailing party for purposes of a contract which provided for the award of attorney's fees, even though the defendant obtained dismissal of the claim on procedural grounds (failure to join an indispensable party). The Ninth Circuit remanded the matter for consideration of whether awarding attorney's fees would be inequitable and unreasonable. While one might contend that the underlying state law right in the case at bar is analogous to the contract right in *Melwani,* the analogy would be flawed, because the contractual right could be and was actually considered by the federal court, whereas the state substantive law relevant here could not be considered in this court for want of federal subject matter jurisdiction.

The last case cited by NANA is *MacKay v. Pfeil*.[17] There, plaintiff MacKay pled six claims against defendant. The district court granted summary judgment on all six claims and awarded defendant attorney's fees based on Alaska law. Claims two through five were Alaska state law claims "for abuse of process, tortious breach of contract, and interference with advantageous relationship, as well as indemnification for the estate proceedings judgment."[18] MacKay did not appeal those claims. His appeal was confined to the award of summary judgment on claims one and six for declaratory and injunctive relief and the award of attorney's fees. The Ninth Circuit concluded that,

---

[15]229 F.3d at 882.

[16]179 F.3d 763, 765-66 (9th Cir. 1999).

[17]827 F.2d 540 (9th Cir. 1987).

[18]827 F.2d at 542 n. 2.

-5-

"the issues raised in MacKay's first and sixth claims have been considered and decided by a state court,"[19] and so were not subject to re-examination in the district court. Because a district court lacks jurisdiction to hear appeals from state courts, the appellate court found that claims one and six should have been dismissed for lack of subject matter jurisdiction. As a result, the appellate court vacated the order granting defendant summary judgment on claims one and six with instructions to dismiss those two claims for lack of jurisdiction.

The *MacKay* court also affirmed the award of attorney's fees. In explaining the basis for doing so, the Ninth Circuit wrote,

> MacKay's appeal from the fee award is based on the assumption that this court will find that summary judgment was improperly granted by the district court. Although we hold that summary judgment was improperly granted, the reasons for our holding do nothing to undermine the propriety of the award of attorney's fees.[20]

A fair reading of the explanation supports the conclusion that even though under principles of federal law the district court lacked jurisdiction, an award based on state law was appropriate. Indeed, that appears to be the way the *Kona Enterprises* court later read the *MacKay* decision.[21] On the other hand the *MacKay* case is easily distinguished from the case at bar in significant respects. First, the focus in that case was MacKay's effort to avoid state court decisions applying state law. Second, the district court actually ruled on the merits of several state law claims. Third, it is impossible to determine from the opinion whether the four state law claims which were not appealed would have been dismissed for lack of subject matter jurisdiction, but if not those claims alone would have supported an award of fees. Fourth, even though arising from federal law, the basis for the dismissal in *MacKay* vindicated an important state interest in the integrity of the state's own judicial process thereby providing a "hook" upon which to hang the additional state substantive interest reflected in Rule 82.

---

[19] 827 F.2d at 545.

[20] 827 F.2d at 542 n. 3.

[21] *Kona Enterprises*, 229 F.3d at 885.

There is no similar "hook" in the case at bar. This court concludes that lengthening the reach of *MacKay* to support an award of attorney's fees in the particular circumstances of this case is inconsistent with what actually occurred in this case.

Given the court's rationale for denying the motion for attorney's fees, there is no need to enter the thicket of state law decisions regarding when a party may be considered a prevailing party. Accordingly, the court declines to do so.

### III.  CONCLUSION

For the reasons above, the application for costs at docket 53 and the motions at dockets 54 and 55 are each **DENIED**.

DATED at Anchorage, Alaska this 12th day of August 2009.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE