**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | | |
|---|---|---|
| SHIRLEY GENTEMANN and<br>GARDNER GENTEMANN, | ) | |
| | ) | |
| | ) | 3:08-cv-221 JWS |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| N.W. INUPIAT HOUSING | ) | |
| AUTHORITY, *et al*. | ) | [Re: Dockets 57, 61, and 75] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. MOTIONS PRESENTED

At docket 57, defendant N. W. Inupiat Housing Authority, ("Housing Authority") moved for an extension of time until July 8, 2009, in which to file a motion requesting an award of attorney's fees. Plaintiffs Shirley Gentemann and Gardner Gentemann opposed the motion for extension of time at docket at docket 68. Housing Authority replied at docket 72.

Plaintiffs' opposition to the motion for extension of time at docket 68 included a request for sanctions in the amount of $625. A duplicate copy of the memorandum appears at docket 75, and it is being tracked on ECF as a separate motion. It has been briefed, and will also be decided in this order.

At docket 61, Housing Authority moved for an award of attorney's fees. Plaintiffs' opposition to that motion is contained in their filing at docket 68, and the Housing Authority's reply is contained in its filing at docket 72.

Oral argument would not assist the court in resolving any of the pending motions.

## II. DISCUSSION

### A. Motion at Docket 57

The court entered judgment dismissing plaintiffs' claims at docket 49, on June 10, 2009. Thereafter, Housing Authority had 14 days in which to file a motion for attorney's fees.[1] With the additional three days allowed by Fed. R. Civ. P. 6(d), Housing Authority's motion for attorney's fees was due on June 24, 2009. Housing Authority did not file a motion for extension of time within which to file its attorney's fees motion until after June 24, 2009.[2] As a result, the extension requested at docket 57 may only be granted if Housing Authority has shown "excusable neglect."[3]

Neither the motion at docket 57 nor the memorandum filed in support at docket 58 explicitly addresses excusable neglect. However, in the affidavit supporting the motion filed at docket 60 Housing Authority's counsel states:

> After the court granted NANA's motion for extension to apply for fees, I attempted to negotiate a settlement of NIHA's potential fee award with Genetmann's [sic] counsel, by telephoning Mr. Dovbish. (June 24, 2009). At that time, by my own error, I believed the court's order granted an extension to both NANA and NIHA, in the interest of allowing the parties to settle the matter before filing an application.[4]

When addressing the question of excusable neglect, this court follows the test articulated by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,[5] which requires the court to take into "account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the

---

[1]Fed. R. Civ. P. 54(d)(2)(B)(i).

[2]The motion at docket 57 was filed on July 8, 2009.

[3]Fed. R. Civ. P. 6(b)(1)(B).

[4]Doc. 60 at ¶5.

[5]507 U.S. 380 (1993).

-2-

movant, and whether the movant acted in good faith."[6]  Here, there is no prejudice to plaintiffs.  The extension sought by Housing Authority was the same as that sought by NANA, and the fact that plaintiffs did not oppose NANA's motion belies any prejudice to them.  The length of the delay was modest, and it had no impact on the judicial proceedings, because they had been concluded save for the attorney's fee issue itself, and as already noted, the time for resolving the same issue as to NANA had already been extended.  A reading of Housing Authority counsel's affidavit shows that she acted in good faith.  These factors all support a finding of excusable neglect.  A consideration which does not is the fact that Housing Authority's lawyer had ample control over the problem.  She could have filed a timely motion for an extension of time.  Beyond the specific factors noted by the Supreme Court, the circumstances here show little excuse for the lawyer's supposition that NANA's extension applied to Housing Authority, for one who actually read NANA's motion and the court's order granting could not possibly have concluded that it applied to Housing Authority.  The lawyer's lack of attention renders the matter a close question.  All things considered,  the equities weigh in favor of finding excusable neglect.  The request for an extension of time at docket 57 will be granted.

The motion for attorney's fees was not actually filed by the requested date, July 8, 2009; it was filed on July 9, 2009.[7]  However, both the affidavit and the memorandum supporting the motion for attorney's fees were timely filed on July 8, 2009.[8]  The timely filed memorandum and affidavit set out the reasons and facts supporting the request for an extension of time and clearly signaled that a motion was being filed.  Thus, plaintiffs were given timely notice of the issues.  The court will treat the motion package as a whole and concludes the motion for attorney's fees was timely filed.

---

[6]507 U.S. at 395.

[7]Doc. 61.

[8]*See* dockets 59 and 60.

Case 3:08-cv-00221-JWS   Document 77   Filed 08/12/09   Page 3 of 4

**B. Motion at Docket 61**

In a separate order denying co-defendant NANA's motion for attorney's fees, the court has explained at length why its decision to dismiss plaintiffs' claim for lack of federal jurisdiction does not warrant an award of attorney's fees under state law. The court adopts the reasoning in that order. Based on that reasoning, the motion at docket 61 will be denied.

**C. Motion at docket 75**

Plaintiffs' support for imposing sanctions boils down to their lawyer's assertion that the motion for attorney's fees is "an uncalled for waste of time." It is true that the motion for attorney's fees lacked merit, and (in contrast to NANA's motion) was poorly supported. However, the motion advanced a colorable claim given the additional case law that exists (even if that case law was not discussed by Housing Authority).[9] In sum, the request for sanctions lacks merit and will be denied.

### III. CONCLUSION

For the reasons above, the motion at docket 57 is **GRANTED,** and the motions at dockets 61 and 75 are each **DENIED**.

DATED this 12th day of August 2009.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[9]*See* the discussion of case law in the order which denied NANA's motion for attorney's fees.